IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TREVON M. BOONE, Individually and in his Capacity as Administrator of the Estate of Tonya J., Deceased, et al.<br><br>Plaintiffs<br><br>vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA<br><br>Defendant | Case No.: 5:20-cv-02128-JRA<br><br>Judge John R. Adams |

**PLAINTIFFS' MOTION IN LIMINE RE: REPORT AND OPINIONS
OF DR. MICHAEL WELNER**

Plaintiffs Trevon M. Boone, individually and in his capacity as Administrator of the Estate of Tonya J., deceased, Dejon X. Newell, and Anne Piero Silagy, in her capacity as Guardian of the Estate of T.D.J., a minor (collectively, "Plaintiffs"), by and through counsel, respectfully move this Court for an Order, in limine, barring Defendant The Guardian Life Insurance Company of America ("Defendant" or "Guardian") from mentioning at trial or introducing any evidence pertaining to the opinions or expert report issued in the prior state court action submitted by Michael Welner, M.D. ("Dr. Welner"). Such evidence constitutes inadmissible hearsay from a person whom neither party has designated as an expert witness in this case.

**I.    Introduction**

This is a declaratory, breach of contract, and bad faith case, arising out of Guardian's failure to pay contractual death benefits, pursuant to the terms of a life insurance policy purchased from Guardian, Policy No. 6849002 (the "Policy"), by Plaintiffs' deceased mother, Tonya J., on or about

September 1, 2015. Tonya J. tragically lost her life on February 22, 2016 in a pedestrian/motor vehicle accident on Route 8 South near the Tallmadge Avenue exit in Akron, Ohio. Despite admittedly having no direct evidence that Tonya J. intended to take her own life, Guardian nonetheless chose to apply the suicide exclusion (the "Suicide Exclusion") contained in the Policy and refused to pay the death benefits to which Plaintiffs were contractually entitled.

Plaintiffs, through prior counsel, initially filed an action in the Summit County, Ohio, Court of Common Pleas on February 22, 2017 against Dr. Lisa Kohler, the Summit County Medical Examiner, the City of Akron, certain individual police officers, and Guardian.  *See* Summit Cty. C.P. Case No. CV-2017-02-0762.  Plaintiffs challenged Dr. Kohler's conclusion of the manner of death on Tonya J.'s death certificate and requested a hearing as provided for in Ohio Rev. Code § 313.19.  Plaintiffs retained Dr. Welner as an expert in that case and produced his expert report on or about November 17, 2017.  A non-jury hearing was conducted on January 16-18, 2018.  Dr. Welner did not testify at the hearing and was never deposed.  Plaintiffs voluntarily dismissed all claims in that action without prejudice on September 30, 2019.

**II.**     **Law and Argument**

Plaintiffs have retained three experts to testify in this action and filed their Expert Designation on March 26, 2021 (Doc. 19), in accordance with the Court's Case Management Plan (Doc. 13). Plaintiffs designated Dr. Scott Wagner (a forensic pathologist), Dr. Stephen Noffsinger (a forensic psychiatrist), and Eric Brown (an accident reconstructionist) as experts in this case and intend to call each of them to testify at trial.  Plaintiffs did not designate Dr. Welner and will not call Dr. Welner as a witness in this case or utilize any of the opinions contained in the report he issued in the state court case.  None of Plaintiffs' experts reviewed or considered Dr. Welner's report or opinions in rendering their opinions in this case.

Guardian was required to identify its retained expert witnesses by providing Plaintiffs' counsel with a written expert report on or before April 23, 2021. On that date, Guardian's counsel provided the report of Dr. William Ralston (a forensic pathologist), but did not produce the report or otherwise disclose any other witnesses who Guardian intends to call to provide opinion testimony at trial, as required by Fed. R. Civ. P. 26(a)(2). Guardian never deposed Dr. Welner in this case but provided Dr. Welner's report from the prior case to Dr. Ralston to consider as part of his review. It is also anticipated that Guardian may attempt to cross-examine Plaintiffs' experts with the opinions stated in Dr. Welner's report and ask Plaintiffs' experts if they agree or disagree with him. This is impermissible as Dr. Welner has not been designated as an expert by either party to this case and his prior report and opinions are hearsay.

Hearsay is a statement made by a declarant not while testifying at the current trial or hearing which is offered to prove the truth of the matter asserted in the statement. Fed.R.Evid. 801(c). Hearsay is inadmissible unless there is a specific exception. Fed.R.Evid. 802. While there are numerous exceptions to this rule set out in Fed.R.Evid. 803, none of them apply to the unsworn expert report of a witness in another case. When a declarant is unavailable, Fed.R.Evid. 804(b)(1) provides that the declarant's "former testimony" may be admitted if given "at a trial, hearing, or lawful deposition."

Dr. Welner never testified at the hearing in the prior state court action, nor was he ever deposed. There is no "former testimony," thus this hearsay exception does not apply. Likewise, Plaintiffs have not designated Dr. Welner as an expert in this case and will not call him as a witness at trial. Guardian has not deposed Dr. Welner in this case. All Guardian has is the unsworn expert report issued by Dr. Welner nearly four years ago in a case in which he never gave sworn testimony under oath at any point. This report and the opinions contained therein are not properly

3

authenticated. Fed.R.Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

Moreover, it would be confusing and misleading to the jury to hear about a report authored by a person who neither side has designated as an expert in this case and who never provided any sworn testimony regarding the substance of his report. Fed.R.Evid. 403.

Lastly, Plaintiffs incorporate their arguments set forth in their Motion in Limine directed to exclusion of any reference to the prior state court case, filed concurrently herewith. As set forth in that motion, that case and the decisions rendered therein are a legal nullity under Ohio law, are wholly irrelevant to the issues in the present case, and should not be considered by the jury for any purpose.

### III. Conclusion

In sum, Plaintiffs respectfully request that the Court preclude any mention of Dr. Michael Welner, his report or opinions, at trial of this matter. Dr. Welner was not designated as an expert witness by either party in this case, and the unsworn statements in his report are inadmissible hearsay.

Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC

*/s/ Jude B. Streb*
Jude B. Streb (Ohio Bar #0071529)
Justin S. Greenfelder (Ohio Bar #0077924)
Joshua E. O'Farrell (Ohio Bar #0087061)
4277 Munson St. NW
Canton, Ohio 44718
Telephone: (330) 492-8717
Fax: (330) 492-9625
Email: jgreenfelder@bdblaw.com
       jstreb@bdblaw.com

jofarrell@bdblaw.com

-and-

*/s/ Danielle M. Pierce*
Danielle M. Pierce (#0088685)
4842 Higbee Ave., NW
Canton, OH 44718
Phone: (330) 588-6115
E-mail: danielle@pierce.legal

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 14th day of May, 2021. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

*/s/ Jude B. Streb*
Jude B. Streb (Ohio Bar #0071529)

CT2:781593_v1